UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |
|---|---|
| PRODUCE SOURCE PARTNERS, INC.<br><br>Plaintiff,<br><br>- against -<br><br>GOGREEN FARMS, INC. F/K/A GOGREEN FARMS, LLC, GO GREEN FARMS AND GREENHOUSES, INC., BREON CLEMONS, PAUL CUNANAN, and CATHERINE FARRIS,<br><br>Defendants. | Case No. 2:22-cv-00073<br><br>**COMPLAINT** |

Plaintiff Produce Source Partners, Inc. ("Produce Source" or "Plaintiff"), by and through undersigned counsel, as and for its complaint against defendants GoGreen Farms, Inc. f/k/a GoGreen Farms, LLC ("GoGreen"), GoGreen Farms  and Greenhouses, Inc. ("GoGreen F&G"),  Breon Clemons ("Clemons"), Paul Cunanan ("Cunanan"), and Catherine Farris ("Farris") (GoGreen, GoGreen F&G, Clemons, Cunanan, and Farris, are collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2.      Venue in this district is based on 28 U.S.C. § 1391 in that the Defendants reside in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3.      Plaintiff Produce Source is a Virginia corporation having a principal place of business in Ashland, Virginia, engaged in the business of buying and selling wholesale quantities of fresh fruits

and vegetables ("Produce") in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.     Defendant GoGreen is a Virginia corporation having its principal place of business in Suffolk, Virginia, engaged in the business of buying wholesale quantities of Produce in interstate commerce and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

5.     Defendant GoGreen F&G is a Virginia corporation having its principal place of business in Suffolk, Virginia, which received and/or was in control of PACA trust assets belonging to Plaintiff and is listed as a Reported Principal on GoGreen's PACA license.

6.     Defendant Clemons is and was an owner, officer, and/or director of GoGreen and GoGreen F&G during the period of time in question who controlled the operations of GoGreen and GoGreen F&G and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

7.     Defendant Cunanan is and was an owner, officer, and/or director of GoGreen during the period of time in question who controlled the operations of GoGreen and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

8.     Defendant Farris is and was an owner, officer, and/or director of GoGreen during the period of time in question who controlled the operations of GoGreen and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

9.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

10.     Between December 9, 2021, and January 31, 2022, Plaintiff sold and delivered to GoGreen wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof (the "Transactions").

11.     Pursuant to the Transactions, GoGreen received $95,246.65 worth of Produce from Plaintiff.

12.     At the time of receipt of the Produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to Produce suppliers.  The trust consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

13.     Produce Source preserved its interest in the PACA trust in the amount of $95,246.65 by issuing invoices to GoGreen for each of the Transactions.  Each invoice contains the statutory language required by 7 U.S.C. § 499e(c)(4).

14.     Plaintiff remains a beneficiary of the PACA trust until full payment is made for the Produce.

15.     Produce Source has repeatedly requested payment for the Produce.

16.     GoGreen has repeatedly said that it would issue payment but has failed to do so.

17.     GoGreen's accounts payable staff, along with Clemons, have stopped returning phone calls from Produce Source.

18.     GoGreen's telephone has been disconnected.

19.     On January 28, 2022, Compass Group USA, Inc., filed a lawsuit against GoGreen, GoGreen F&G, and another entity GGFG, Inc., alleging that it has not been paid $331,797.29 for box lunches that it supplied to GoGreen.

20.     Defendants' failure and inability to pay Plaintiff, despite repeated requests, the failure to return phone calls, the recent disconnection of its telephone, and the lawsuit filed January 28, 2022, demonstrate that Defendants are having cashflow problems and have failed to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## Count 1 – All Defendants
(Injunctive Relief)

21.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22.     Defendants' failure to make payment to Plaintiff of trust funds in the amount of $95,246.65 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

23.     Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## Count 2 – All Defendants
(Failure to Make Prompt Payment of Trust Funds)

24.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25.     Defendants received each of the Produce shipments on which this action is based.

26.     Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

27.     Defendants failed and refused to pay for the Produce and services supplied by Plaintiff within the payment terms required under the PACA.

28.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $95,246.65, plus interest from the date each invoice became past due, costs and attorneys' fees.

**Count 3 – Defendant Clemons**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

29.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30.     Defendant Clemons is an owner, officer, and/or director of GoGreen who operated GoGreen during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

31.     Defendant Clemons failed to direct GoGreen to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the Produce and services it supplied.

32.     Defendant Clemons knew or should have known that at all relevant times GoGreen was in breach of the PACA trust.

33.     Defendant Clemons's failure to direct GoGreen to maintain PACA trust assets and pay Plaintiff for the Produce and services it supplied was an unlawful dissipation of trust assets by a corporate official.

34.     Defendant Clemons participated in GoGreen's breach of the PACA trust.

35.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the statutory trust and has been denied payment for the Produce it supplied.

## Count 4 -  Defendant Cunanan
(Unlawful Dissipation of Trust Assets by a Corporate Official)

36.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37.     Defendant Cunanan is an owner, officer, and/or director of GoGreen who operated GoGreen during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

38.     Defendant Cunanan failed to direct GoGreen to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the Produce and services it supplied.

39.     Defendant Cunanan knew or should have known that at all relevant times GoGreen was in breach of the PACA trust.

40.     Defendant Cunanan's failure to direct GoGreen to maintain PACA trust assets and pay Plaintiff for the Produce and services it supplied was an unlawful dissipation of trust assets by a corporate official.

41.     Defendant Cunanan participated in GoGreen's breach of the PACA trust.

42.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the statutory trust and has been denied payment for the Produce it supplied.

## Count 5 – Defendant Harris
(Unlawful Dissipation of Trust Assets by a Corporate Official)

43.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 42 above as if fully set forth herein.

44.     Defendant Farris is an owner, officer, and/or director of GoGreen who operated GoGreen during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

45.     Defendant Farris failed to direct GoGreen to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the Produce and services it supplied.

46.     Defendant Farris knew or should have known that at all relevant times GoGreen was in breach of the PACA trust.

47.     Defendant Farris's failure to direct GoGreen to maintain PACA trust assets and pay Plaintiff for the Produce and services it supplied was an unlawful dissipation of trust assets by a corporate official.

48.     Defendant Farris participated in GoGreen's breach of the PACA trust.

49.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the statutory trust and has been denied payment for the Produce it supplied.

### Count 6 – Defendant GoGreen F&G
(Unlawful Dissipation of Trust Assets)

50.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 49 above as if fully set forth herein.

51.     Defendant GoGreen F&G is an owner, manager, member and/or equity holder, and reported principal on GoGreen's PACA license, who managed GoGreen during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

52.     Defendant GoGreen F&G failed to direct GoGreen to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

53.     Defendant GoGreen F&G knew or should have known that at all relevant times GoGreen was in breach of the PACA trust.

54.     Defendant GoGreen F&G's failure to direct GoGreen to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

55.     Defendant GoGreen F&G participated in or facilitated GoGreen's breach of the PACA trust.

56.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

### Count 7 – GoGreen F&G
(Unlawful Receipt and Retention of PACA Trust Assets)

57.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 56 above as if fully set forth herein.

58.     GoGreen has issued payments for Produce to Plaintiff from an account held in the name of GoGreen F&G.

59.     Upon information and belief, funds from the sale of Produce Plaintiff sold to GoGreen are deposited into bank accounts in the name of GoGreen F&G.

60.     Upon information and belief, funds from the sale of Produce Plaintiff sold to GoGreen are transferred between the bank accounts held in the name of GoGreen and GoGreen F&G (the "Transfers").

61.     The Transfers by GoGreen to, or for the benefit of, GoGreen F&G were made in breach of the PACA trust.

62.     GoGreen had constructive knowledge that the Transfers were made in breach of the PACA trust.

63.     GoGreen F&G had actual knowledge that the Transfers were made in breach of the PACA trust.

64.     GoGreen F&G continues to hold any and all proceeds it received in the Transfers as trustee for Plaintiff.

65.     As a direct and proximate result of GoGreen F&G retaining proceeds from Transfers without delivery to Plaintiff and is unpaid in the amount of $96,246.65.

<u>**Count 8 – Defendant GoGreen**</u>
(Failure to Pay For Goods Sold)

66.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 65 above as if fully set forth herein.

67.     GoGreen failed and refused to pay Plaintiff the amount of $95,246.65 owed to Plaintiff for Produce it received from Plaintiff.

68.     As a direct and proximate result of GoGreen's failure to pay promptly, Plaintiff has incurred damages in the principal amount of $95,246.65, plus interest, costs and attorneys' fees.

<u>**Count 9 – Defendant GoGreen**</u>
(Breach of Contract)

69.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 68 above as if fully set forth herein.

70.     GoGreen received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

- 9 -

71.     Plaintiff's invoices to GoGreen constitute valid and enforceable agreements between the Parties.

72.     GoGreen breached the terms of the invoices by failing to timely remit payment for the Produce and other goods it received from Plaintiff.

73.     Plaintiff has performed all the duties, obligations and conditions precedent on its part to be performed under the invoices.

74.     As a direct and proximate result of the breach of contract by GoGreen, Plaintiff has suffered damages in the principal amount of $95,246.65, plus interest from the date each invoice became past due, costs and attorneys' fees.

## Count 10 – All Defendants
(Interest and Attorneys' Fees)

75.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 74 above as if fully set forth herein.

76.     PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

77.     As a result of Defendants' continued failure to make full payment promptly in the principal amount of $95,246.65, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A.      On Count 1, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B.      On Count 2, judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of $95,246.65 pursuant to the trust provisions of PACA;

C.      On Count 3, judgment in favor of Plaintiff and against Clemons in the amount of $95,246.65 pursuant to the trust provisions of PACA;

D.      On Count 4, judgment in favor of Plaintiff and against Cunanan in the amount of $95,246.65 pursuant to the trust provisions of PACA;

E.      On Count 5, judgment in favor of Plaintiff and against Farris in the amount of $95,246.65 pursuant to the trust provisions of PACA;

F.      On Count 6, judgment in favor of Plaintiff and against GoGreen F&G in the amount of $95,246.65 pursuant to the trust provisions of PACA;

G.      On Count 7, judgment in favor of Plaintiff and against GoGreen F&G in the amount of $95,246.65 pursuant to the trust provisions of PACA;

H.      On Count 8, judgment in favor of Plaintiff and against GoGreen in the amount of $95,246.65;

I.      On Count 9, judgment in favor of Plaintiff and against GoGreen in the amount of $95,246.65;

J.      On Count 10, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

K.      Such other and further relief as the Court deems just and proper.

//

//

//

//

Dated: February 15, 2022

Respectfully submitted,

McCARRON & DIESS

By:  /s/ Blake A. Surbey
Blake A. Surbey
Virginia Bar Number 89611
McCarron & Diess
4530 Wisconsin Ave., N.W.
Suite 301
Washington, DC 20016
(202) 364-0400
(202) 364-2731 (fax)
bsurbey@mccarronlaw.com

*Attorneys for Produce Source Partners, Inc.*